COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                          SUPERIOR COURT
                                                        CIVIL ACTION NO.:

---

PETER MOREY, D.V.M.                     Plaintiff designates Middlesex
998 Bedford Road                        County as the place of Trial.
Carlisle, MA 01741
                                        The basis of venue is Plaintiff's
        Plaintiff,                      residence and Defendants' place
                                        of business and contractual
v.                                      obligations.

HEALTHY PET CORPORATION OF
MASSACHUSETTS
998 Bedford Road
Carlisle, MA 01741

and

HEALTHY PET CORPORATION
1720 Post Road
Fairfield, CT 06430

        Defendants.

---

## VERIFIED COMPLAINT AND JURY DEMAND

### INTRODUCTION

This is an action for Declaratory Judgment and damages by Peter Morey, D.V.M. ("Dr. Morey") against Healthy Pet Corporation of Massachusetts ("Healthy Pet MA") and Healthy Pet Corporation ("Healthy Pet DE"). Dr. Morey through his undersigned attorney, states and alleges as follows:

### PARTIES

1. At all times material herein, Healthy Pet MA has been a Massachusetts corporation having its principal place of business at 1720 Post Road, Fairfield, CT 06430.

2. Healthy Pet DE is a Delaware corporation with its principal place of business at 1720 Post Road, Fairfield, CT 06430.

3. Dr. Morey is an individual residing in Carlisle, Middlesex County, Massachusetts, and is a Massachusetts licensed veterinarian.

4. Healthy Pet MA has been and continues to conduct and transact business at 998 Bedford Road, Carlisle, Middlesex County, Massachusetts, under the name "Carlisle Animal Hospital".

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Defendant by virtue of the Defendant's place of business within the County.

6. Venue is proper in this Court pursuant to the principal place of business of the Defendant.

7. Defendants, Healthy Pet MA and Healthy Pet DE, (1) transact business in the Commonwealth of Massachusetts, (2) contract to supply goods/services in the Commonwealth of Massachusetts, (3) caused tortuous injury by an act or omission in the Commonwealth of Massachusetts, (4) caused tortuous injury by an act or omission outside the Commonwealth of Massachusetts, (5) solicit business, engage in a persistent course of conduct and/or derives substantial revenue from the sale of goods/services in the Commonwealth of Massachusetts, and/or (6)

is otherwise subject to this court's jurisdiction pursuant to MGL Chapter 233A § 3.

8. The parties have contractually agreed to the jurisdiction and venue of the Commonwealth of Massachusetts.

## CLAIMS FOR RELIEF

9. This is an action for Declaratory Judgment for the purpose of determining real, substantial, and justiciable controversies. Dr. Morey seeks a determination concerning the validity and enforceability of the Non-Compete and Non-Disclosure Agreement between Dr. Morey and Healthy Pet DE and a declaration that Healthy Pet DE has breached the Non-Compete and Non-Disclosure Agreement between the parties rendering the restriction contained herein null and void. Actual controversies exist between the parties requiring a Declaratory Judgment to set forth their legal rights, duties, and relationships with respect to the restrictive covenant not to compete as described below.

10. This is also an action for damages relating to the Defendants' breach of contract, fraud, fraud in the inducement, misrepresentation, wrongful termination, and RICO for which Dr. Morey has been damaged and seeks compensation.

## FACTUAL BACKGROUND

11. Dr. Peter Morey incorporates by reference all of the factual statements contained in the Affidavit of Dr. Peter L. Morey dated March 29, 2004 and submitted contemporaneously herewith.

12. In November 2003, Healthy Pet MA, a Massachusetts corporation, was the buyer under a Stock Purchase Agreement of the stock of Carlisle Animal Hospital, Inc., a Massachusetts corporation owned by Dr. Peter L. Morey.

13. In November 2003, the parties entered into a Stock Purchase Agreement, attached hereto as Exhibit A.

14. In conjunction with the Stock Purchase Agreement, and executed simultaneously therewith, the parties entered into a Lease between the Trustees of the 988 Bedford Road Trust of 2002 d/b/a Carlisle Animal Hospital, as Landlord (which was owned and controlled by Plaintiff), and Healthy Pet Corp. of Massachusetts, Inc., a tenant for 998 Bedford Road, Carlisle, MA 01741. That Lease is attached hereto as Exhibit B.

15. In conjunction with the Stock Purchase, the parties entered into a Promissory Note, attached hereto as Exhibit C. Under the terms and conditions of said Promissory Note, Defendant, Healthy Pet DE, agreed to pay the principal amount of $250,000.00 to Dr. Morey.

16. On November 25, 2003, Healthy Pet MA offered Dr. Morey an Employment Agreement, a copy of which is attached hereto as Exhibit D.

17. On or about November 24, 2003, Healthy Pet DE entered into a veterinary Non-Compete and Non-Disclosure Agreement with Dr. Morey, attached hereto as Exhibit E.

18. In conjunction with the sale, Dr. Morey was required to resign from Carlisle Animal Hospital in November 2003 so as to be re-hired as an employee of the acquiring entity, Healthy Pet MA.

19. Dr. Morey's Resignation from Carlisle Animal Hospital in conjunction with the stock sale is attached hereto as Exhibit F.

## NON-COMPETE

20. Dr. Morey entered into a Non-Compete and Non-Disclosure Agreement ("Non-Compete") with Healthy Pet DE.

21. The Non-Compete, attached hereto as Exhibit E, was entered into on or about November 24, 2003.

22. On February 24, 2004, Healthy Pet MA and Healthy Pet DE terminated Dr. Morey's employment without cause.

23. The Non-Compete provides for a "Non-Compete" provision in paragraph 1 that provides as follows:

> 1. Non-Compete. During the period commencing on the date hereof, and ending two (2) years after the termination of Employee's employment for any reason or for no reason, the Employee shall not operate, own, finance, make loans to, manage, consult or be employed by any business substantially similar to that of the Company or of any subsidiary or affiliate of the Company (together with the Company, the "Company Group") within a ten (10) mile radius of any Company Group owned or managed facility at which the Employee routinely worked at for at least three (3) months in the preceding two (2) years.

24. The Restrictive Covenant in the Non-Compete precludes Dr. Morey from owning or working in a competing practice with Healthy Pet DE or Healthy Pet MA for two (2) years within a ten (10) mile radius of Carlisle Animal Hospital.

25. Dr. Morey has at all times faithfully, industriously and to the best of his ability performed all the duties that have been required of him according to the standards of the profession.

26. Dr. Morey incorporates by reference all the terms and conditions of his Non-Compete attached hereto.

27. Up until Dr. Morey's termination on February 24, 2004, Dr. Morey had performed and complied with all the terms and conditions imposed upon him pursuant to the Non-Compete.

28. On February 24, 2004, Healthy Pet MA and Healthy Pet DE terminated Dr. Morey without cause.

## EMPLOYMENT AGREEMENT

29. On November 25, 2003, Dr. Morey entered into an Employment Agreement with Healthy Pet MA, attached hereto as Exhibit D.

30. This Employment Agreement was drafted by Healthy Pet MA and their counsel.

31. This Employment Agreement does not have any merger clause, nor any other provisions you customarily see in Employment Agreements such as notice, default, term, termination and other relevant provisions.

32. These ambiguities must be construed against Healthy Pet MA to the extent that they drafted the Employment Agreement.

33. Furthermore, because there is no merger clause, oral representations made by the parties in advance of the Employment Agreement are admissible.

34. The Employment Agreement guaranteed Dr. Morey an annual base salary of $60,000.00.

35. The Employment Agreement guaranteed an annual performance bonus.

36. Healthy Pet MA was to set weekly and monthly goals based on past performance and historic seasonality to help to achieve the yearly target.

37. Dr. Morey was to be entitled to an annual performance bonus for total medical gross receipts which exceeded the corresponding yearly goal.

38. The bonus was to be twenty (20%) percent of the receipts exceeding the annual goal.

39. Furthermore, Healthy Pet MA had guaranteed health and medical insurance, dental insurance, life insurance, disability insurance, pet care benefits and a 401K retirement plan.

40. Dr. Morey was promised a reimbursement for up to $1,500.00 per year for continuing education.

41. Dr. Morey was entitled to additional benefits including 3 weeks vacation.

42. The only condition imposed upon Dr. Morey for continued employment was to "maintain all licenses and permits necessary to render the services required of you in accordance with the applicable law, rules, regulations, and standards".

43. Dr. Morey has maintained all licenses and permits necessary to render the services required of you in accordance with the applicable law, rules, regulations, and standards.

44. Healthy Pet MA's attorney, Eric J. Dale, on November 5, 2003 at 10:47 a.m., requested Dr. Morey to resign as an employee so Dr. Morey could enter into a new agreement with Healthy Pet MA simultaneously with the closing.

45. It is unequivocal that having Dr. Morey terminate his employment and enter into a new contract with Healthy Pet MA was the suggestion and demand of Healthy Pet MA, and thus began the pattern of fraud, deceit and deception upon Dr. Morey.

46. Rachel Wilde, of Healthy Pet DE, sent an e-mail on November 24, 2003 at 3:08 p.m. enclosing an Employment Agreement and Non-Compete for Dr. Morey's execution.

47. It was represented to Dr. Morey that he was needed at the practice for at least 2 years and under no circumstances would his employment at the practice last less than the 2 year period.

48. Dr. Morey further relied upon the representations made on the Defendants' website.

## FIRST CLAIM FOR DECLARATORY RELIEF

49. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-48 above as if set forth fully herein.

50. The two (2) year period of the Restrictive Covenant provision is invalid for reasons including but not limited to, it is not:

    a.  ancillary to an otherwise valid transaction, and/or

    b.  supported by adequate consideration, and/or

    c.  protecting a valid and legitimate interest, and/or

    d.  reasonable in light of the facts and circumstances.

51. The two (2) year time period in the Restrictive Covenant provision violates public policy.

## SECOND CLAIM FOR DECLARATORY RELIEF

52. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-51 above as if set forth fully herein.

53. The ten (10) mile radius in the Restrictive Covenant provision is invalid for reasons including, but not limited to, it is not:

    a. ancillary to an otherwise valid transaction, and/or

    b. supported by adequate consideration, and/or

    c. protecting a valid and legitimate interest, and/or

    d. reasonable in light of the facts and circumstances.

54. The ten (10) mile radius in the Restrictive Covenant provision violates public policy.

## THIRD CLAIM FOR DECLARATORY RELIEF

55. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-54 above as if set forth fully herein.

56. The multiple breaches of Non-Compete by Healthy Pet DE and Healthy Pet MA renders the Restrictive Covenant in the Non-Compete null and void.

## FOURTH CLAIM FOR DECLARATORY RELIEF

57. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-56 above as if set forth fully herein.

58. Healthy Pet MA and Healthy Pet DE terminated Dr. Morey on February 24, 2004.

59. Healthy Pet MA and Healthy Pet DE's termination of Dr. Morey was without cause.

60. Healthy Pet MA and Healthy Pet DE's termination of Dr. Morey without cause renders the Restrictive Covenant and the Non-Compete null and void under Massachusetts Law.

## FIFTH CLAIM FOR DECLARATORY RELIEF

61. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-60 above as if set forth fully herein.

62. The Non-Compete goes into effect for any facility at which the employee routinely worked at for at least 3 months in the preceding 2 years.

63. Dr. Morey began his employment with Healthy Pet MA facility, Carlisle Animal Hospital, on November 25, 2003.

64. Healthy Pet MA terminated Dr. Morey on February 24, 2004, less than 3 months prior to the start of his employment.

65. Because Dr. Morey did not routinely work at Healthy Pet MA facility for at least 3 months in the preceding 2 years, the Non-Compete is null and void.

## SIXTH CLAIM FOR DECLARATORY RELIEF

66. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-65 above as if set forth fully herein.

67. Notwithstanding Dr. Morey's position that Healthy Pet MA and Healthy Pet DE have presented an invalid Restrictive Covenant in Dr. Morey's Non-Compete, in the event that it is adjudicated that Dr. Morey is bound

by the Restrictive Covenant as contained in the Non-Compete, Dr. Morey is entitled to an adjudication as to the appropriate scope and duration of any such limitation, taking into account all the applicable facts, circumstances and public policy.

### SEVENTH CLAIM FOR DECLARATORY RELIEF

68. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-67 above as if set forth fully herein.

69. Parole evidence is warranted in the interpretation of Dr. Morey's Employment Agreement so that the true purpose and intent of the Employment Agreement may be enforced.

70. Because there is no merger clause in the Employment Agreement, the oral discussions between the parties are relevant and necessary to a fair interpretation of the Employment Agreement.

### EIGHTH CLAIM FOR DECLARATORY RELIEF

71. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-70 above as if set forth fully herein.

72. Notwithstanding Dr. Morey's position that Healthy Pet MA and Healthy Pet DE are bound by the oral representations for a 2-year guaranteed Employment Agreement with benefits, in the event that it is judicated that Dr. Morey is not entitled to a 2-year Employment Agreement as alleged, Dr. Morey is entitled to entitled to an adjudication as to the appropriate scope and duration of such contracts, the terms and conditions of such contract, and the parole evidence.

## NINTH CAUSE OF ACTION
### BREACH OF CONTRACT
v. all Defendants

73. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-72 above as if set forth fully herein.

74. Defendants breached their contractual duties under the Employment Agreement (Exhibit D), Non-Compete (Exhibit E) and Stock Purchase Agreement (Exhibit A).

75. As a result of Defendants' conduct, their duties and obligations to Dr. Morey were breached.

76. As a result of said breach, Dr. Morey has sustained damages.

77. This breach was a proximate cause of the damages sustained by Dr. Morey.

## TENTH CAUSE OF ACTION
### FRAUD/FRAUD IN THE INDUCMENT
v. all Defendants

78. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-77 above as if set forth fully herein.

79. Throughout the negotiations for this stock acquisition, Defendants warranted and represented that Dr. Morey was a critical component to the future success of the acquisition and Carlisle Animal Hospital.

80. Defendants repeatedly represented orally and in writing that they needed Dr. Morey for a minimum of 2 years at the practice following the acquisition.

81. Defendants' representations were false statements of material fact which induced reasonable reliance on the part of Dr. Morey.

82. Fraud and fraud in the inducement claims may be perpetrated by half-truths, or by implied representations as well as an expressed representation of material fact.

83. Defendants' website makes warranties and representations that are false and misleading.

84. Defendants have engaged in all of the above by leading Dr. Morey to believe that in selling his business to the Defendants, he would have continued employment and yet these Defendants knew of their plan to terminate Dr. Morey following the acquisition.

85. Defendants made statements to the Plaintiff that were knowingly false.

86. The Defendants made the false statements with the intent to deceive the Plaintiff.

87. As statements were material to the Plaintiff's decision to sign the contract.

88. The Plaintiff reasonably relied upon Defendants' statements.

89. The Plaintiff was damaged as a result of his reliance.

90. Statements of present intention as to future conduct is a basis for a fraud action if the statements misrepresent the actual intention of the speaker and were relied upon by the recipient to his damage.

91. Dr. Morey would not have sold his practice to the Defendants if he had not been guaranteed at least 2 years of employment and all the other benefits outlined in the Employment Agreement.

92. Defendants made many false representations of material fact with knowledge of their falsity, including without limitation, that Dr. Morey was needed at the practice, that he would be there at least 2 years, would received full benefits for 2 years, was an ethical and well-respected doctor that must stay as part of the acquisition.

93. The Defendants made these statements for the purposes of inducing the Plaintiff to enter into a Stock Purchase Agreement, to resign from his longstanding practice and enter to a separate Employment Agreement and Restrictive Covenant.

94. Defendants made these false representations for the purpose of inducing the Plaintiff to follow through on the stock sale (Exhibit A).

95. Plaintiff clearly relied upon these statements to his detriment, insofar he executed the documents associated with this Stock Acquisition.

96. Plaintiff has been damaged by virtue of these false representations of material fact to which he is entitled to be compensated.

97. Fraud in the inducement can serve as both a basis for tort liability and as grounds for rescinding a contract.

98. Plaintiff is entitled to damages for the fraud in the inducement which may include, but not be limited to, monetary compensation and rescinding of the Stock Purchase Agreement and all documents executed in conjunction with said Stock Purchase Agreement.

99. Rescission is an equitable remedy and can be imposed on a contract even in the absence of culpable behavior.

## ELEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT/WRONGFUL TERMINATION
### v. all Defendants

100. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-99 above as if set forth fully herein.

101. Dr. Morey was wrongfully terminated by the Defendants.

102. The parties have a written contract that is vague and ambiguous, and parole evidence is admissible for determining remedies.

103. Defendants guaranteed Plaintiff employment for a minimum of 2 years as well as many other benefits as dictated under the Employment Agreement.

104. Dr. Morey was terminated so as to wrongfully deprive him of the benefits that he had already substantially earned and had been promised.

105. Dr. Morey was fired so as to wrongfully deprive him of the guaranteed salary and bonus that he had already substantially earned and would have earned.

106. Dr. Morey was fired as part of a scheme that induced Dr. Morey to sell his practice with false promises of job security.

107. When construing a fully integrated contract, the Court can consult external evidence only once it determines that the contract language is ambiguous, making it a matter of law for the Court.

108. Where a contract is ambiguous, ambiguities are typically resolved against the drafter of the documents, in this case, the Defendants.

109. Massachusetts Law permits the use of extrinsic evidence for the very purpose of deciding whether a documentary expression of a contract is ambiguous.

110. Where the terms of a written contract are ambiguous, both parties may testify as to what they understood by the terms of the contract when they executed it.

111. Dr. Morey was wrongfully terminated and damaged.

### TWELFTH CAUSE OF ACTION
### RICO 18 USCS § 1961
### v. all Defendants

112. Dr. Morey repeats and realleges his allegations contained in paragraphs 1-111 above as if set forth fully herein.

113. Plaintiff is entitled to relief under the Racketeer Influenced and Corrupt Organizations Act, 18 USCS § 1961 et. seq.

114. Defendants engaged in a pattern of conduct with at least 2 predicate acts of racketeering activity.

115. The predicate acts of racketeering activity were the mailing and e-mailing of related fraudulent statements of facts designed to induce the Plaintiff into entering into a contract for the sale of his business, all the while with the plan to fire Plaintiff and defraud him.

116. Defendants acted together, as an enterprise, to perpetrate this fraud, promote this pattern of racketeering activity, and defraud the Plaintiff.

117. As a result, Dr. Morey is entitled to all remedies available under the statute, including penalties, attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment as follows:

1. A declaration that the Restrictive Covenant in the Non-Compete is invalid and unenforceable in all regards.

2. Declaring Dr. Morey is not bound by the Restrictive Covenant in the Non-Compete.

3. Declaring Defendants in breach of the Non-Compete with Dr. Morey.

4. Declaring the Restrictive Covenant in the Non-Compete null and void as a result of the breaches of Non-Compete by Healthy Pet.

5. Declaring the Restrictive Covenant in the Non-Compete null and void due to Dr. Morey's termination without cause.

6. Declaring that Dr. Morey did not work at Healthy Pet MA's facility for at least 3 months in the preceding 2 years.

7. In the alternative, declaring the respective rights and obligations of the parties pursuant to the Restrictive Covenant provision and declaring the limits, if any, of the rights and obligations of the Plaintiff to the Defendants in connection with the Restrictive Covenant provision.

8. Preliminary injunctive relief barring Healthy Pet MA and Healthy Pet DE from enforcing the Restrictive Covenant in the Non-Compete and Non-Disclosure Agreement dated November 24, 2003 against Dr. Morey.

9. Awarding $1 million on each of counts 9, 10, and 11.

10. Awarding $3 million on count 12.

11. Awarding Dr. Morey his attorneys' fees, costs and disbursements.

12. For such other further relief as the Court deems just and proper.

Dated: Orchard Park, New York
      April 6, 2004

                PETER MOREY, D.V.M.,
                By his Attorneys,

                _____
                FRANK C. MUGGIA, ESQ.
                BBO #555199
                FRANK C. MUGGIA & ASSOCIATES
                6438 West Quaker Street
                Orchard Park, New York 14127
                (716) 667-9700

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                SUPERIOR COURT
                                              CIVIL ACTION NO.:

PETER MOREY, D.V.M.
998 Bedford Road
Carlisle, MA 01741

       Plaintiff,

v.

HEALTHY PET CORPORATION OF
MASSACHUSETTS
1720 Post Road
Fairfield, CT 06430

       Defendant.

## **VERIFICATION**

Dr. Peter Morey, being duly sworn, deposes and says:

1. I am the Plaintiff in the above matter.

2. I have read the foregoing Verified Complaint and Jury Demand and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

Signed under the pains and penalties of perjury this ____ day of April, 2004.

_____
DR. PETER MOREY